IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,
vs.                              **Case No. 06-40099-01-RDR**

MARIO A. BAYLOR,

        Defendant.

**O R D E R**

This matter is presently before the court upon defendant's motion to suppress evidence. The court has conducted a hearing on the motion.

The defendant is charged with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The charge arises from a traffic stop on March 27, 2006.

The defendant argues that the evidence seized and any statements he made following the traffic stop should be suppressed because (1) he was not lawfully stopped; and (2) there was not probable cause to search his vehicle. The government contends that both of defendant's arguments are without merit.

Having carefully reviewed the evidence presented at the hearing, the court is now prepared to issue the following findings of fact and conclusions of law.

*Findings of Fact*

1. On March 27, 2006, Shawnee County Sheriff's Deputies were conducting surveillance on Jason Thrasher. Near the intersection

of 29th Street and Wanamaker in Topeka, Kansas, the deputies observed Thrasher meet with an individual. One of the deputies contacted Brad Metz, a sergeant with the Shawnee County Sheriff's Office, and told him to be on the lookout for a particular car, the car that was being driven by the individual who met with Thrasher.

     2.   Sgt. Metz observed the vehicle near 29th Street and Fairlawn. He began following the car. He determined that the car was traveling in excess of the posted speed limit. He also observed the car travel over the centerline of the lane in which it was traveling.

     3.   Sgt. Metz decided to pull the car over for the aforementioned traffic violations. He eventually activated his emergency lights and the car stopped without incident. The stop occurred approximately three miles after Sgt. Metz began following the car.

     4.   Sgt. Metz received a temporary driver's license from the driver. The license identified the driver as Mario Baylor, the defendant. Sgt. Metz determined that the temporary license was expired. He contacted his dispatcher and learned that the defendant did have a valid driver's license.

     5.   During his initial discussion with the defendant, Sgt. Metz discerned the faint odor of marijuana from the person of the defendant. At that time, the defendant was still seated in his car. Sgt. Metz was familiar with the smell of burnt marijuana. He

has worked in the Shawnee County Sheriff's Office since 1994 and smelled the odor of burnt marijuana on 100 to 150 occasions. He asked the defendant about the smell. The defendant told him that he had recently been in a car with someone who was smoking marijuana.

     6. Sgt. Metz then asked the defendant if he could search his person and the car. The defendant said he could search his body, but not the car. The defendant told Sgt. Metz he could not search the car because it belonged to someone else. Based upon the smell, Sgt. Metz decided that he had probable cause to search the defendant and the car. He searched the defendant and found nothing. During the search of the car, he found a firearm in the glove compartment.

*Conclusions of Law*

     1. The Fourth Amendment guarantee of the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures" is "preserved by a requirement that searches be conducted pursuant to a warrant issued by an independent judicial officer." California v. Carney, 471 U.S. 386, 390 (1985). In certain circumstances, however, a search may comport with the Fourth Amendment reasonableness standard even though not conducted pursuant to a warrant. Id. One such exception is the "automobile exception" which allows a roadside stop of an automobile to search that vehicle without a warrant if

probable cause exists to believe that contraband or evidence of criminal activity is located inside. See Chambers v. Maroney, 399 U.S. 42 (1970); Carroll v. United States, 267 U.S. 132 (1925).

2.   In determining whether the initial stop of a motor vehicle by a police officer is reasonable under the Fourth Amendment, the government is not required to show that a traffic violation actually occurred; rather, it is sufficient to show that the officer making the stop has a "reasonable, articulable suspicion" that a traffic violation has occurred, or was occurring." United States v. Hunnicutt, 135 F.3d 1345, 1348 (10th Cir. 1998).

3.   The evidence demonstrates that Sgt. Metz had reasonable, articulable suspicion that the defendant was speeding. Accordingly, the stop of defendant's vehicle was lawful.

4.   The distinct odor of burnt marijuana, by itself, coming from the window of a stopped vehicle will provide probable cause to search a vehicle. United States v. Nielsen, 9 F.3d 1487, 1491 (10th Cir. 1993).  The detection of the odor of marijuana justifies a search of the entire passenger compartment, including locked compartments where contraband is likely to be concealed. Id. at 1489.

5.   Once Sgt. Metz detected the odor of burnt marijuana emanating from the interior of the defendant's car, even if the origin of the smell was the defendant's clothes, he had a "particularized and objective basis" for suspecting the defendant

was or had recently engaged in criminal activity, that is, using marijuana.  Although the odor of burnt marijuana on the driver alone is undoubtedly less probative of the existence of unused marijuana in the automobile than would be the odor of unburnt marijuana emanating from both the driver and the vehicle, we are unable to conclude that it is insufficient to establish probable cause to search the vehicle.  See United States v. Caves, 890 F.2d 87, 91 (8th Cir. 1989) (odor of marijuana on driver's person and breath was sufficient to establish probable cause to search vehicle without warrant).  Therefore, Sgt. Metz had probable cause to search the defendant's vehicle.  The discovery of the firearm was lawful.  Accordingly, the defendant's motion to suppress evidence must be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to suppress evidence (Doc. # 13) be hereby denied.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2006 at Topeka, Kansas.

                                            s/Richard D. Rogers
                                            United States District Judge