IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                  **Case No. 06-40099-01-RDR**

MARIO A. BAYLOR,

        Defendant.

---

**O R D E R**

On August 16, 2007 the court sentenced the defendant. The purpose of this order is to memorialize the rulings made by the court during the hearing.

The defendant entered a plea to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). After the preparation of the presentence report, the defendant filed one objection. The defendant also filed a sentencing memorandum on June 26, 2007. In the sentencing memorandum, the defendant sought a downward variance based upon extraordinary rehabilitation and family responsibilities. After the filing of the sentencing memorandum, the defendant's pretrial release was revoked after a positive urinalysis.

*Objection to Presentence Report*

The defendant objects to the inclusion of the information contained in paragraph 38 of the presentence report. The defendant contends that this information, which consists of his history with

the Kansas Department of Corrections, is irrelevant and prejudicial. The probation office disagrees, contending that this information provides useful information for the court and the Bureau of Prisons.

The court agrees with the probation office. This objection shall be denied.

*Request for Downward Variance*

The defendant contends that a downward departure and variance is warranted in this case. The defendant bases his argument on his extraordinary rehabilitation and his extraordinary family responsibilities. He points out that, after in-patient treatment, he no longer uses marijuana, which he had used since the age of 9. He further indicates that he is responsible for taking care of several children and several other family members. The probation office suggests that the circumstances do not merit a downward departure or variance based upon the factors noted by the defendant.

The court has thoroughly considered the defendant's background as well as his actions since he was arrested in this case. In addition, the court has carefully considered his family responsibilities. Based upon that review, the court is not persuaded that a downward departure or downward variance is appropriate here. The court does not find that the defendant's rehabilitation, although laudable, is extraordinary. He has

admitted that he has refrained from smoking marijuana in the past when he is incarcerated or on probation. During the initial period of release in this case, the defendant used marijuana on a repeated basis. He did ultimately request treatment when he continued to violate the terms of his release. He followed treatment with a period of sobriety. However, the defendant was recently arrested and his bond was revoked due to a positive urinalysis. The recent actions by the defendant fail to show extraordinary rehabilitation here.

The defendant does have some family responsibilities. However, the actions by the defendant have clearly demonstrated a failure to properly handle those family responsibilities. There is little question that every family suffers when a member is incarcerated. This case is no different and we do not find it extraordinary. Accordingly, the court shall not depart or vary for either of the reasons suggested by the defendant.

In reaching this decision, the court notes that the parties agreed in the plea agreement to accept a sentence within the properly calculated guideline range. Specifically, the plea agreement provided as follows: "The parties further agree to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the defendant will not request a

admitted that he has refrained from smoking marijuana in the past when he is incarcerated or on probation. During the initial period of release in this case, the defendant used marijuana on a repeated basis. He did ultimately request treatment when he continued to violate the terms of his release. He followed treatment with a period of sobriety. However, the defendant was recently arrested and his bond was revoked due to a positive urinalysis. The recent actions by the defendant fail to show extraordinary rehabilitation here.

The defendant does have some family responsibilities. However, the actions by the defendant have clearly demonstrated a failure to properly handle those family responsibilities. There is little question that every family suffers when a member is incarcerated. This case is no different and we do not find it extraordinary. Accordingly, the court shall not depart or vary for either of the reasons suggested by the defendant.

In reaching this decision, the court notes that the parties agreed in the plea agreement to accept a sentence within the properly calculated guideline range. Specifically, the plea agreement provided as follows: "The parties further agree to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the defendant will not request a

sentence below the low end of the guideline range."

**IT IS SO ORDERED.**

Dated this 21st day of August, 2007 at Topeka, Kansas.

                                            s/Richard D. Rogers
                                            United States District Judge